IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TASHAWN WALKER,** | Case No. 4:18 CV 2817 |
| Petitioner, | Judge John R. Adams |
| v. | Magistrate Judge James R. Knepp II |
| **WARDEN LYNEAL WAINWRIGHT,** | |
| Respondent. | REPORT AND RECOMMENDATION |

### INTRODUCTION

*Pro se* Petitioner Tashawn Walker ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Lyneal Wainwright ("Respondent") filed an Answer/Return of Writ (Doc. 10) and Petitioner filed a Reply / Traverse (Doc. 12).[1] The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated December 18, 2018). For the reasons discussed below, the undersigned recommends the Petition be DENIED.

### BACKGROUND

State Court Conviction

In November 2013, a Trumbull County, Ohio, grand jury indicted Petitioner on charges of aggravated murder (with a firearm specification), carrying a concealed weapon, and improperly handling firearms in a motor vehicle. (Ex. 1, Doc. 10-1, at 5-6).

---

1. Parties and Courts commonly use the terms "Return of Writ" and "Traverse" to refer to what the Rules Governing Section 2254 Cases now term an "Answer" and "Reply". *See* Rule 5 of the Rules Governing Section 2254 Cases.

Pursuant to a plea agreement, on July 20, 2015, Petitioner pled guilty to an amended count of involuntary manslaughter (with a firearm specification), carrying a concealed weapon, and improperly handling firearms in a motor vehicle. (Ex. 2, Doc. 10-1, at 8-16). After a colloquy, the trial court accepted Petitioner's plea. (Doc. 10-2, at 1-15) (transcript of plea hearing). The trial court sentenced Petitioner to the agreed seventeen year sentence[2] with a mandatory term of five years of post-release control on the involuntary manslaughter count, and an optional term of up to three years post-release control on counts two and three. (Ex. 4, Doc. 10-1, at 19-20).

<u>Motion to Withdraw Guilty Plea</u>

In March 2016, Petitioner moved *pro se* to withdraw his guilty plea pursuant to Ohio Criminal Rule 32.1. (Ex. 5, Doc. 10-1, at 32-38). In support, Petitioner asserted two grounds:

> Ground One: The trial court committed prejudicial error in violation of Mr. Walker's right to due process of law as guaranteed by the 14th amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution where the trial court failed to explain to Mr. Walker that he could use the subpoena powers of the courts to compel an individual to appear and testify on his behalf and that he did not have to secure witness on his own.
>
> Ground Two: Mr. Walker was denied his right to effective assistance of counsel as guaranteed by the Sixth Amendment of the Un[it]ed States Constitution and Section 10 Article I of the Ohio Constitution where counsel incorrectly advised Mr. Walker that self defense was not a viable defense, which denied Mr. Walker his right to a jury trial.

*Id.* at 33-34 (capitalization altered). The State filed a response in opposition (Ex. 6, Doc. 10-1, at 63-66).[3] On March 14, 2016, the trial court denied Petitioner's motion. (Ex. 7, Doc. 10-1, at 106).

---

2. The seventeen years was an aggregate of eleven years on count one, three years on the firearm specification (to run consecutively), and eighteen months on each counts two and three (to run consecutively to each other and consecutively to count one). (Ex. 4, Doc. 10-1, at 19).
3. Petitioner also filed a Reply to the State's response, but it was not docketed until March 21, 2016, after the trial court's ruling. *See* Ex. 8, Doc. 10-1, at 107-11.

2

Petitioner filed a *pro se* notice of appeal. (Ex. 9, Doc. 10-1, at 112-13). In his subsequent counseled brief, Petitioner raised a single assignment of error:

> The trial court erred in denying Appellant's motion to withdraw guilty plea without conducting a hearing where Appellant's guilty plea was not knowingly and voluntarily entered as a result of ineffective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the U.S. Constitution, and Section 10, Article I of the Ohio Constitution.

(Ex. 10, Doc. 10-1, at 121). He further described the issue presented for review and argument as:

> A trial court commits reversible error where the Court denies a post-sentence Motion to Withdraw without a hearing when the Motion and attached exhibits set forth supported claims which, if believed, render the guilty plea not knowingly and intelligently entered as a result of ineffective assistance of counsel.

*Id.* The State filed an answer brief (Ex. 11, Doc. 10-1, at 134-52), and on December 30, 2016, the Eleventh Appellate District Court of Appeals affirmed the decision of the trial court to deny Petitioner's motion to withdraw his plea (Ex. 12, Doc. 10-1, at 153-61); *State v. Walker*, 2016 WL 7626347 (Ohio Ct. App.) ("*Walker I*"). Specifically, the court held that trial counsel was not ineffective for advising Petitioner that self-defense was not a viable strategy. *Walker I*, 2016 WL 7626347, at *3-4. Moreover, the court found Petitioner had not shown any alleged ineffective assistance precluded him from entering a knowing and voluntary guilty plea. *Id.* at *4. The appellate court also denied Petitioner's subsequent counseled motion for reconsideration (Ex. 13, Doc. 10-1, at 163-73) on April 18, 2017. (Ex. 15, Doc. 10-1, at 223-26).

Application to Reopen Appeal

On March 3, 2017, Petitioner filed a *pro se* application to reopen his appeal pursuant to Ohio Appellate Rule 26(B). (Ex. 16, Doc. 10-1, at 227-33). Therein, he asserted his counsel was ineffective for failing to argue a "dead bang winner" issue on appeal. *Id.* at 229. He asserted counsel should have raised the following issue for review:

3

> The Appellant's guilty plea was not knowingly, intelligently, and voluntarily entered where the trial court committed prejudicial error when it failed to advise appellant of his Constitutional rights he was waiving by pleading guilty in violation of the Sixth and Fourteenth Amendment[s] to the U.S. Const[itution] and Article I [S]ection 10 of the Ohio Const[itution] and Criminal Rule 11(C)(2)(c)[.]

*Id.* at 230 (capitalization altered). The State filed an answer brief (Ex. 17, Doc. 10-1, at 269-73), and Petitioner replied (Ex. 18, Doc. 10-1, at 274-76). On April 18, 2017, the state appellate court denied Petitioner's application to reopen. (Ex. 19, Doc. 10-1, at 277-81).

Petitioner filed a *pro se* notice of appeal with the Ohio Supreme Court. (Ex. 20, Doc. 10-1, at 282-83). In his memorandum in support of jurisdiction, he asserted two propositions of law:

> I. Appellant was denied his right to due process of law as guaranteed by the 14th[] [A]mendment to the U.S. Const. and Section 16, [A]rt. I Ohio Const. where the appeals court committed prejudicial error by denying [Petitioner's] 26(B) motion.
>
> II. Appellant was denied his right to receiving effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Const. and Section 10 [A]rt]. I of the Ohio Const. where appell[ate] counsel failed to assign as error a dead bang winner: that the trial court failed to ensure that [Petitioner] waived his Constitutional rights.

(Ex. 21, Doc. 10-1, at 285) (capitalization altered). The State opposed (Ex. 22, Doc. 10-1, at 299-310), and on September 13, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to Supreme Court Practice Rule 7.08(B)(4). (Ex. 23, Doc. 10-1, at 311).

<u>Sentencing Motion</u>

On February 9, 2018, Petitioner filed two "Motions for Sentencing" alleging errors in his sentences. (Exs. 24-25, Doc. 10-1, at 312-26). The State opposed. (Ex. 26, Doc. 10-1, at 327-29).[4] On February 23, 2018, the trial court denied Petitioner's motion. (Ex. 27, Doc. 10-1, at 330). Petitioner appealed this determination, raising two assignments of error:

---

4. Petitioner also filed a Reply to the State's response, but it was not docketed until March 2, 2018, after the trial court's ruling. *See* Ex. 28, Doc. 10-1, at 331-46.

4

1. Where a trial court makes a mistake in its journal entry regarding postrelease control, and further fails to incorporate 'mandatory' notifications and findings of fact in its journal entry, the entry is contrary to law; it must be vacated; and the appellant is entitled to a new sentencing hearing accordingly . * * *

2. A guilty plea is *<u>unconstitutional</u> (as a matter of law and fact) when such a plea is predicated on:

    1. a breach of an underlying contractual plea agreement * * *

    2. non-compliance with the mandatory provisions of: Crim R. 11(C)(2)(a);

    3. non-compliance with the mandatory provisions of: Crim R. 11(C)(2)(c) * * *

    4. the plea was otherwise not knowingly, intelligently & voluntarily made * * *

(Ex. 30, Doc. 10-1, at 355-56) (emphasis in original). The State filed an answer brief (Ex. 31, Doc. 10-1, at 419-36), and Petitioner filed a reply (Ex. 32, Doc. 10-1, at 437-46). On September 28, 2018, the appellate court affirmed the judgment of the trial court. (Ex. 33, Doc. 10-1, at 447-56); *State v. Walker*, 2018 WL 4692806 (Ohio Ct. App.) ("*Walker II*").

**FEDERAL HABEAS CORPUS**

In the instant Petition, filed November 26, 2018,[5] Petitioner raises a single ground for relief:

**GROUND ONE:** Ineffective Assistance of Appellate Counsel

**Supporting Facts:** Petitioner vehemently contends that although the trial court did explicitly ask him did he understand his rights, Petitioner did not waive his rights (nor did the trial court inform Petitioner he had to[])[.] [T]he trial court further failed to advise Petitioner by entering a guilty plea he waive[d] those rights.

---

5. Pursuant to the federal prison mailbox rule, a *pro se* prisoner's pleading "is deemed filed when the inmate gives the document to prison officials to be mailed." *In re: Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). *See* Doc. 1, at 15 (representing Petition was placed in the prison mailing system on November 26, 2018).

5

(Doc. 1, at 5).

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted). An application for habeas corpus cannot be granted for a person in custody pursuant to a state conviction unless the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thus, a court may grant habeas relief if the state court arrives at a conclusion that is contrary to a decision of the Supreme Court on a question of law, or if the state court decides a case differently than did the Supreme Court on a materially indistinguishable set of facts. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

The appropriate measure of whether a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-11; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000). "It bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). To obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

#### DISCUSSION

Petitioner contends that his appellate counsel was ineffective for failing to raise the issue of the validity of his guilty plea. Specifically, he contends that the state court decision is an unreasonable application of *Boykin v. Alabama*, 395 U.S. 238 (1969) and *Strickland v. Washington*, 466 U.S. 668 (1984), because he did not explicitly waive his constitutional rights at the plea hearing. *See* Doc. 12. Respondent contends Petitioner cannot show the state court decision was contrary to, or an unreasonable application of federal law, as required to merit habeas relief. For the reasons discussed below, the undersigned recommends the Petition be denied.

The Supreme Court has long recognized that the Sixth Amendment right to the effective assistance of counsel at trial "is a bedrock principle in our justice system." *Martinez v. Ryan*, 566 U.S. 1, 12 (2012); *see also Gideon v. Wainwright*, 372 U.S. 335, 342–44 (1963). The Court announced a two-prong test for habeas claims of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must demonstrate that counsel's errors were so egregious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the petitioner must show that he was prejudiced by counsel's errors. To do this, a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Supreme Court further has held a defendant is entitled to effective assistance of counsel in his first appeal as a matter of right, *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), and the two-part test enunciated in *Strickland* is applicable to claims of ineffective assistance of appellate counsel, *Smith v. Robbins*, 528 U.S. 259, 285 (2000). Thus, a petitioner must demonstrate appellate counsel's performance was deficient, and the deficient performance so prejudiced the appeal such that the appellate proceedings were unfair and the result unreliable. *Smith*, 528 U.S. at 285 ("That

is, he must show a reasonable probability that, but for his counsel's unreasonable [actions], he would have prevailed on his appeal."); *Strickland*, 466 U.S. at 687. An appellant has no constitutional right, however, to have every non-frivolous issue raised on appeal, *Jones v. Barnes*, 463 U.S. 745, 750–54 (1983), and tactical choices regarding issues to raise on appeal are properly left to the sound professional judgment of counsel, *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). "[O]nly when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome." *Joshua v. DeWitt*, 341 F.3d 430, 441 (6th Cir. 2003) (internal quotation marks and citations omitted). It is well settled that counsel cannot be considered ineffective for failure to pursue a meritless argument. *See generally Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2013) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.") (citations omitted); *Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998) ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").

"*Strickland* specifically commands that a court 'must indulge [the] strong presumption' that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Cullen v. Pinholster*, 563 U.S. 170, 196 (2011) (quoting *Strickland*, 466 U.S. at 689–90). The Supreme Court has observed that the standards imposed by *Strickland* and § 2254(d) are both "highly deferential," such that in applying them together, "review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

Additionally as relevant here, the requirements for a valid guilty plea are clearly established law as determined by the Supreme Court. It is well-settled that a guilty plea must be entered knowingly, intelligently, and voluntarily, without coercion, to be valid. *See Bousley v. United States*, 523 U.S. 614, 618 (1998); *Brady v. United States*, 397 U.S. 742, 747 (1970); *Boykin v.*

8

*Alabama*, 395 U.S. 238 (1969); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994). The Supreme Court, in *Boykin v. Alabama*, set forth the requirement that the waiver of rights by guilty plea must be clear on the record: the record must clearly disclose that the defendant voluntarily and understandingly entered his plea of guilty. 395 U.S. at 243-44.

When a petitioner challenges the validity of the guilty plea in a federal habeas proceeding, the respondent bears the duty to demonstrate that the guilty plea was entered knowingly, intelligently, and voluntarily. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). The respondent "generally satisfies its burden by producing a transcript of the state court proceeding." *Id.* "The factual findings of a state court that the plea was proper generally are accorded a presumption of correctness. However, when the transcript is inadequate to show that a plea was voluntary and intelligent, the presumption of correctness no longer applies." *Id.* at 326-27 (internal citations omitted); *see also* 28 U.S.C. § 2254(e)(1) (findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows them to be erroneous by clear and convincing evidence). The court must analyze the totality of the circumstances in determining whether the plea was made knowingly, intelligently, and voluntarily. *Id.* at 327. The circumstances must show the defendant was fully aware of the consequences and there were no threats, misrepresentations, or promises that are improper. *Brady*, 397 U.S. at 755.

In denying Petitioner's claim for ineffective assistance of appellate counsel for failing to raise the issue of lack of an express waiver of his constitutional rights during the plea colloquy, the state court explained:

> The test set forth in *Strickland v. Washington*, 466 U.S. 668 . . . (1984), is the proper standard to apply in assessing whether a defendant has raised a genuine issue as to the ineffectiveness of appellate counsel under App.R.26(B). *State v. Davie*, 96 Ohio St.3d 133 . . . . The appellant must prove that his appellate counsel was deficient for failing to raise the issues he now presents and there was a reasonable probability of success had the claims been presented on direct appeal. *Id.*

9

\* \* \*

In his sole assignment of error, Walker contends that appellate counsel was ineffective for failing to argue that his plea was not knowingly, intelligently and voluntarily entered since the trial court failed to advise him, pursuant to Crim.R. 11(C)(2)(c), that he waived certain constitutional rights by pleading guilty.

Crim.R. 11(C)(2)(c) requires that the court, in a felony case, shall not accept a guilty plea without "[i]nforming the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

For the constitutional rights outlined in subsection (c), "strict, or literal, compliance" with the Rule is required. (Citations omitted.) *State v Veney*, 120 Ohio St.3d 176[.]

The failure to comply literally with the provisions of subsection (c), however, does not automatically invalidate a guilty plea. *State v. Gensert*, 2016-Ohio-1163 . . . "Failure to use the exact language contained in Crim.R. 11(C), in informing a criminal defendant of his constitutional right to a trial and the constitutional rights related to such trial, including the right to trial by jury, is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to that defendant." *State v. Ballard*, 66 Ohio St.2d 473 . . . (1981), paragraph two of the syllabus. The Ohio Supreme Court has reaffirmed that "a trial court can still convey the requisite information on constitutional rights to the defendant even when the court does not provide a word-for-word recitation of the criminal rule, so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27.

In the present matter, there is no question from a review of the transcript of the plea hearing that Walker was informed of the various rights and asked if he understood each of them. Walker emphasizes, however, that the trial court did not explicitly ask him if he waived these rights.

While it is accurate that the trial court did not ask Walker specifically whether he waived the rights prior to listing them and confirming Walker's understanding of each right, the context of the plea hearing made it clear that Walker agreed to enter a plea, avoid a trial, and, thus, would not exercise each of the rights that were explained to him. Prior to listing the rights, Walker was informed that "nobody has to plead to any charge." After all of the Crim.R. 11(C)(2)(c) rights were explained, the court asked defense counsel if she was satisfied that Walker understood "the consequences of waiving his constitutional rights" to which she responded affirmatively. The court accepted the plea and stated that it was satisfied Walker "waived his constitutional rights." In neither case did Walker register any

10

> objections to the statement that he was waiving his rights. In a similar case, *State v. Godwin*, . . . 2016-Ohio-117, the Eighth District rejected the appellant's argument that error occurred when, although the rights were reviewed with him, the court "never asked him whether he understood that by pleading guilty he was waiving certain constitutional rights." *Id.* at ¶ 23. The court emphasized that the appellant was advised of all of his constitutional rights, and that the trial court was satisfied that he understood the nature of the plea and found that the plea was knowingly, voluntarily and intelligently entered. *Id.* at ¶ 24-27.
>
> Further, as this court has noted "[t]he Ohio Supreme Court has held 'an alleged ambiguity during a Crim.R. 11 oral plea colloquy may be clarified by reference to other portions of the record, including the written plea, in determining whether the defendant was fully informed of the right in question.'" *Gensert*, 2016-Ohio-1163, at ¶ 21, citing *State v. Barker*, 129 Ohio St.3d 472 . . . . ¶ 25. Thus, to the extent that there may have been some ambiguity as to whether Walker truly understood that he was waiving the rights clearly explained to him by the court, reference to his written plea agreement clarifies this matter. *Gensert* at ¶ 21. At the plea hearing, the court asked if Walker had gone over the document and signed it voluntarily, which he confirmed. The written plea specifically states: "The Court and my Attorney have advised me that by entering this Plea of Guilty I am waiving (giving up) the following constitutional rights," and lists each of the Crim.R. 11(C)(2)(c) rights. Given that the evidence supports a finding that Walker was advised of the required rights and waiver, appellate counsel was not ineffective for failing to raise this error.

(Ex. 19, Doc. 10-1, at 278-81).

The undersigned finds Petitioner has not shown this determination to be based upon an unreasonable determination of the facts in light of the evidence, or contrary to or an unreasonable application of federal law. 28 U.S.C. § 2254(d). Federal habeas courts do not mandate that a plea of guilty in Ohio strictly comply with Ohio Criminal Rule 11, but rather only that the plea be consistent with the requirements of federal constitutional due process. *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991) ([T]he Ohio Court of Appeals determined that the trial court substantially complied with the requirements of Ohio R.Crim.P. 11. We must respect this determination unless there occurred a violation of due process. . . . The district court's sole inquiry should have been, as is ours, whether Riggins' guilty plea comported with the protections of due process."); *see also Scranton v. Whealon*, 514 F.2d 99, 101 (6th Cir.1975) (The *Boykin* rule does

not require the specific judicial colloquy mandated by Rule 11 or the Federal Rules of Criminal Procedure.). As noted previously, the validity of a guilty plea depends upon the facts and circumstances of the individual case, *Brady*, 397 U.S. at 749, and not on any formulaic recitation, *Armstrong v. Egeler*, 563 F.2d 796, 799 (6th Cir. 1977) ("[W]e nevertheless are unwilling to hold, as a constitutional requirement applicable in habeas corpus cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment.").

Here, the state court found, from the totality of the circumstances, that despite the lack of express waiver on the record, Petitioner's guilty plea was knowing and voluntary. This determination is entitled to a presumption of correctness, and Petitioner has not presented clear and convincing evidence otherwise. *See Garcia*, 991 F.2d at 326; 28 U.S.C. § 2254(e)(1). The state court pointed out that the trial judge clearly explained each of Petitioner's constitutional rights, and in the surrounding context of the plea hearing, it was clear that if Petitioner pled guilty, he would not exercise these rights. (Ex. 19, Doc. 10-1, at 280); *see also* Doc. 10-2, at 11-15 (transcript of plea hearing). Additionally, the state court noted that Petitioner's trial counsel stated she was satisfied that Petitioner understood "the consequences of waiver his constitutional rights" and that the court stated it was satisfied Petitioner "waived his constitutional rights." (Ex. 19, Doc. 10-1, at 280); *see also* Doc. 10-2, at 13-15. The state court also noted that "[i]n neither case did [Petitioner] register any objections to the statement that he was waiving his rights." (Ex. 19, Doc. 10-1, at 280). Finally, the state court cited the written plea agreement, signed by Petitioner, *id*. at 281, which stated:

> The Court and my Attorney have advised me that by entering this Plea of Guilty I am waiving (giving up) the following constitutional rights:
>
> My right to a jury trial or trial to the Court;
>
> My right to confront and cross-examine the witnesses against me;

12

> My right to have compulsory process for obtaining witnesses in my favor;
>
> My right to require the State to prove my guilt beyond a reasonable doubt at a trial;
>
> My right not to be compelled to testify against myself; and
>
> My right to appeal a conviction after a trial.
>
> I specifically acknowledge that I understand all of the above, and I expressly waive all of those rights, including my right to a trial by jury, as to each and every count.

(Ex. 2, Doc. 10-1, at 13-14); *see also* Doc. 10-2, at 12-13 (trial court's colloquy with Petitioner about whether he had reviewed the written plea agreement and signed it voluntarily).

Although Ohio Criminal Rule 11 (like its federal counterpart) requires a judge to ask a defendant whether he waives his rights before accepting a plea of guilty, Ohio R. Crim. P. 11(c)(2), Petitioner cites no Supreme Court case which holds that an express articulation of the waiver on the record is constitutionally required. *See Stinson v. Turner*, 473 F.2d 913, 916 (10th Cir. 1973) (*Boykin* does not require an express waiver on the record); *see also Tanceusz v. United States*, 831 F.2d 297 (6th Cir. 1987) (unpublished table disposition) ("Although he did not expressly waive any of his rights, it is clear from the conversation that he understood that he was giving them up by pleading guilty. Consequently, we find that the appellant entered his guilty plea voluntarily and intelligently."); *Armstrong*, 563 F.2d at 799 ("[W]e are nevertheless are unwilling to hold, as a constitutional requirement applicable in habeas corpus cases to state prosecutions, that a guilty plea requires any precise litany for its accomplishment."). The state court reasonably concluded that the totality of the circumstances as reflected in the record shows that not only was Petitioner aware of his rights, but that he intentionally surrendered those rights and entered a constitutionally valid guilty plea. *See Brady*, 397 U.S. at 749.

Petitioner has failed to demonstrate that the appellate court's rejection of his challenge to appellate counsel's performance as it relates to his guilty plea was contrary to or an unreasonable application of Supreme Court precedent, or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)-(e). Because Petitioner's underlying claim regarding his guilty plea lacks merit, appellate counsel cannot have been ineffective for failing to raise it on direct appeal. *See Joshua*, 341 F.3d at 441 ("[O]nly when issues are clearly stronger than those presented, will the presumption of effective assistance of [appellate] counsel be overcome."); *Coley*, 706 F.3d at 752 ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial.") (citations omitted); *Ludwig*, 162 F.3d at 459 ("Counsel was not required to raise meritless arguments to avoid a charge of ineffective assistance of counsel.").Nor can Petitioner show resulting prejudice from counsel's failure to raise the issue because he cannot show a reasonable probability that inclusion of the issue would have changed the result of the appeal. *See Smith*, 528 U.S. at 285.

Thus, the state court decision finding Petitioner failed to demonstrate ineffective assistance of appellate counsel is not contrary to, nor an unreasonable application of federal law. 28 U.S.C. § 2254(d). As such, Ground One fails on the merits and the Petition should be denied.

### CONCLUSION AND RECOMMENDATION

Following review, and for the reasons stated above, the undersigned recommends the Petition be DENIED.

s/ James R. Knepp II<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).